SORONDO, J.
Wilfred Fernandez, M.D. appeals the lower court’s order dissolving a temporary injunction which required Coral Gables Hospital, Inc. d/b/a Coral Gables Hospital to restore Dr. Fernandez’s staff privileges. The Hospital’s Bylaws constitute the contract with Dr. Fernandez.
On August 7, 1998, the Hospital’s CEO notified Dr. Fernandez by letter that his privileges at the Hospital had been terminat *1162 ed “due to quality of care issues related to the treatment of a patient.” Dr. Fernandez was not afforded a hearing prior to receiving this letter.
On September 3,1998, Dr. Fernandez filed and served a Verified Complaint for Emergency and Permanent Injunctive Relief, claiming the Hospital terminated his hospital staff privileges without a hearing in violation of the express provisions of its Bylaws, as well as the mandatory provisions of section 395.0193, Florida Statutes (1997). Because the Verified Complaint was filed as an emergency proceeding, the trial judge (who was sitting as an alternate for the assigned judge who was on vacation) reviewed the verified pleading immediately after it was filed and scheduled an emergency hearing for later the same day. Dr. Fernandez and his attorney attended the emergency hearing, and Dr. Fernandez’s testimony was offered as a proffer without objection. The Hospital offered no affidavits or testimony in opposition to the Verified Complaint or Dr. Fernandez’s testimony.
At the conclusion of the hearing, finding that Dr. Fernandez was likely to prevail on the merits, the trial judge granted an injunction in favor of Dr. Fernandez, ordering that his staff privileges be restored upon his posting a $1,000,000 bond (satisfied by Dr. Fernandez’s medical negligence insurance bene-fitting the Hospital), plus a $50,000 bond to provide for attorney’s fees and costs. Dr. Fernandez obtained and filed the surety bond and certificate of insurance. Although Dr. Fernandez complied with all conditions set by the trial judge, the Hospital did not comply with the injunction and would not allow Dr. Fernandez to exercise his staff privileges. Dr. Fernandez then filed a Verified Motion for Contempt which was specially set for hearing before the assigned trial judge (who had returned from vacation).
After the Hospital received notice of the hearing, the Hospital noticed its previously filed motion to dissolve the temporary injunction for the same time. At the hearing, the trial judge declined to hear argument on Dr. Fernandez’s Verified Motion for Contempt and instead considered the Hospital’s motion to dissolve the temporary injunction. The trial judge entered an order dissolving the temporary injunction previously issued by his alternate. This appeal followed.
The Hospital’s Bylaw Article VII, Section 2B Subsection 4 requires that a hearing be conducted for “termination of staff membership.” However, the Hospital argues that according to the language of Bylaw Article VI, Section 2D Subsection 7, the Medical Executive Committee (MEC) had the discretion to terminate Dr. Fernandez’s hospital staff privileges without a hearing. Article VI, Section 2D provides the following:
D. Possible Actions. The action of the MEC on a request for corrective action may be to: (1) reject the request; (2) issue a letter of admonition or reprimand; (3) impose terms of probation or require proctoring, co-admitting, or consultation; (4) recommend reduction, suspension, proctoring, eo-admitting, consultation, or revocation of clinical privileges; (5) recommend that an already imposed summary suspension of membership or clinical privileges be terminated, modified, or sustained; (6) recommend that the practitioner’s membership be suspended or revoked; or (7) take or recommend other actions deemed appropriate by the MEC.
(emphasis added).
Section 2D expressly limits the action which the MEC can take regarding a physician’s staff privileges and membership. After a careful consideration of the language of Article VI, section 2D, we conclude that a common-sense reading of this section clearly indicates that the MEC can only recommend a suspension or termination of a physician’s hospital privileges or membership.[1] To allow the MEC to use subsection (7) of Section 2D, “take or recommend other actions deemed appropriate by the MEC,” to terminate a physician’s staff privileges without a hearing would render subsections (4), (5) and (6), meaningless. Accordingly, Dr. Fernandez was entitled to injunctive relief. See Lawler v. Eugene Wuesthoff Mem’l Hosp., 497 So.2d *1163 1261, 1264 (Fla. 5th DCA 1986) (breach of a hospital’s bylaws in terminating a doctor’s staff privileges is a sufficient basis upon which to grant compensatory as well as in-junctive relief).
Because the lower court erred in dissolving the temporary injunction which restored Dr. Fernandez’s staff privileges pending a hearing, we reverse the lower court’s order and reinstate the temporary injunction. The Court will not entertain any motion for rehearing.

. Clearly, Article VI, Section 3 provides for summary suspensions or restrictions. Both sides agree, however, that this section was not invoked in this proceeding and is not at issue.